UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


In re:                                                    Case No. 8:11-bk-00498-MGW
                                                          Chapter 13
Heidi J. Cecil,

         Debtor.
_____/


**MEMORANDUM OPINION ON TRUSTEE'S**
**EMERGENCY APPLICATION TO RETAIN SPECIAL COUNSEL**

      Creditors Melissa West and The Tradesman Group, Inc. (collectively, "Creditors") object

to the Chapter 13 Trustee's application[1] to employee special counsel to pursue an avoidance

action.[2]  The primary argument in support of the Objection is that a chapter 13 trustee does not

have statutory authority under § 1302(b)(1) of the Bankruptcy Code to pursue avoidance

actions.[3]  However, because § 103(a) of the Bankruptcy Code extends a trustee's chapter 5

avoidance powers to chapter 13 cases, the Court concludes that the Chapter 13 Trustee does have

authority to bring avoidance actions.[4] The Court also rejects Creditors' argument that the failure

of the Debtor to list the avoidance action in her schedules or to assert it in a previously pending

adversary proceeding between the Debtor and Melissa West somehow precludes the Chapter 13

Trustee from now bringing an avoidance action as a representative of the estate.  Accordingly,

the Court will overrule the Objection and approve the Application.

---

[1] Doc. No. 163 ("Application").

[2] Doc. No. 169 ("Objection").

[3] *Id.*

[4] *See* 11 U.S.C. § 103(a).

*Procedural Background*

On January 29, 2013, the Court ruled that Melissa West ("West") held an unsecured non-priority claim against her sister, Heidi Cecil ("Debtor"), in the amount of $100,000.[5]  Around the same time, the Chapter 13 Trustee filed the Application seeking approval for the retention of special counsel to bring an action against West to avoid an alleged fraudulent transfer of approximately $400,000 that took place within two years of the filing of this case.[6]  In addition to avoidance of the transfer, in the adversary proceeding the Trustee seeks a determination of the liability of West under § 550 and disallowance of West's claim under § 502(d). The net effect of a ruling in the adversary proceeding in favor of the Trustee would be either disallowance or payment in full of all allowed unsecured claims in the case, including the $75,144.30 in unsecured claims not owned by West.[7]

Because the statute of limitations period under § 546 had nearly elapsed on any potential avoidance claims, the Court granted the Application on an interim basis, subject to objection by any creditors.[8]  Shortly thereafter, Creditors objected to the interim order principally on the grounds that the Chapter 13 Trustee lacks authority to bring the actions for which he seeks to hire special counsel.

---

[5] Doc. No. 174, at 18-19.

[6] *See* Adv. Pro. No. 8:13-ap-0025.

[7] Doc. No. 18.

[8] Doc. No. 166.

*Conclusions of Law*[9]

The primary argument advanced by Creditors in support of the proposition that a chapter 13 trustee does not have the right to bring avoidance actions under Chapter 5 of the Bankruptcy Code is based on § 1302(b)(1). That section provides that a chapter 13 trustee shall "perform the duties specified in §§ 704(a)(2), 704(a)(3), 704(a)(4), 704(a)(5), 704(a)(6), 704(a)(7),  and 704(a)(9)…." In this respect, Creditors point to the omission of any reference to § 704(a)(1) in § 1302(b)(2). Section 704(a)(1) provides that, "The trustee shall … collect and reduce to money the property of the estate for which such trustee serves, and close such estate as expeditiously as is compatible with the best interests of parties in interest.…"[10]

The underlying premise upon which Creditors base their argument is that the language contained in § 704(a)(1) is the source of a trustee's power to bring avoidance actions. But a review of the Bankruptcy Code, case law, and bankruptcy treatises makes clear that there is no authority to support this premise.  In fact, if Creditors were correct, then neither trustees nor debtors in possession in Chapter 11 cases would have the authority to bring avoidance actions under Chapter 5 -- something which, of course, occurs routinely in Chapter 11 cases.

This is because § 1106 -- which specifies the duties of a trustee in a Chapter 11 -- also omits any reference to § 704(a)(1). Thus, a chapter 13 trustee is not required to collect or reduce to money all property of the estate. This is because in a chapter 13 case, the debtor normally remains in possession of estate property.[11] This is consistent with the statutory scheme embodied

---

[9] The Court has jurisdiction over this contested matter pursuant to 28 U.S.C. § 1334(b).  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

[10] 11 U.S.C. § 704(a)(1).

[11] 11 U.S.C. § 1306(b).

in a chapter 13 case that does not typically contemplate the liquidation of property of the estate.[12]

The same is true of the other operating chapters. Accordingly, there is no such reference to §

704(a)(1) in either chapters 9, 11, 12, or 13.

Instead, the power to bring an avoidance action under Chapter 5 of the Bankruptcy Code

is found in other Bankruptcy Code sections.  First, it is specifically found in §103, which

provides that chapters 1, 3, and 5 apply in a case under Chapter 7, 11, 12 or 13 of the Bankruptcy

Code.  Second, § 323 -- also applicable in chapters 7, 11, 12, and 13 -- provides that the trustee

in a bankruptcy case is a representative of the estate and has the capacity to sue.[13] Third, § 548 --

again, applicable to all operating chapters under § 103 -- specifically provides that "the trustee

may avoid any transfer" that otherwise qualifies as a fraudulent transfer under that section.[14]

Notably, there is nothing in § 548 that limits its applicability to trustees in chapter 7

cases.  In fact, the only limitations on a trustee's avoiding powers are set forth in the particular

avoidance provisions and in § 546.[15] Relevant to this case is § 546(a)(1)(B) that requires that

avoidance actions be brought within "the later of 2 years after the entry of the order for relief or

1 year after the appointment or election of the first trustee under section 702, 1104, 1163, 1202,

*or 1302*."[16]  If chapter 13 trustees lacked standing to bring avoidance actions in the first place,

---

[12] COLLIER ON BANKRUPTCY ¶ 1302.03 at 1302-8 (citing *In re Kinsler*, 24 B.R. 962 (Bankr. N.D. Ga. 1982)).

[13] 11 U.S.C. § 323.

[14] 11 U.S.C. § 548(a)(1).

[15] 11 U.S.C. § 546 ("Limitations on avoiding powers").

[16] *See* 11 U.S.C. § 546(a)(1)(B) (emphasis added).

there would be no need to limit their time for bringing them.  Accordingly, if the Court were to sustain the Objection, it would render the last portion of § 546(a)(1)(B) superfluous.[17]

Not only does the language of the Bankruptcy Code plainly support a trustee's right to bring avoidance actions in chapter 13 cases, but there is also no case law support for Creditors' argument.  At most, there is a split of authority as to whether, in addition to a chapter 13 trustee, a chapter 13 debtor may also bring an avoidance action with some cases holding that only chapter 13 trustees have standing to bring such actions[18] and other cases holding that a chapter 13 debtor may also utilize the trustee's avoiding powers.[19]

Finally, all of the treatises that deal with the issue support the proposition that a chapter 13 trustee may bring avoidance actions.[20]  These treatises reject the proposition that the omission of § 704(a)(1) from the Chapter 13 trustee's duties, as enumerated in § 1302(b)(1), can be read so far as to preclude the use of the avoidance powers by the trustee.[21]  Rather, it is left to the Chapter 13 trustee's judgment to determine when it is feasible and efficient to exercise the avoidance powers.[22]

---

[17] See *Conn. Nat'l Bank v. Germain*, 503 U.S. 249, 253 (1992) ("courts should generally disfavor interpretations of statutes that render language superfluous").

[18] *See, e.g., Lucero v. Green Tree Fin. Servicing Corp.* (*In re Lucero*), 199 B.R. 742, 744 (Bankr. D.N.M. 1996).

[19] *Houston v. Eiler* (*In re Cohen*), 305 B.R. 886 (B.A.P. 9th Cir. 2004) (explaining policy reasons for permitting chapter 13 debtor to utilize trustee's avoiding powers); *Hearn v. Bank of N.Y.* (*In re Hearn*), 337 B.R. 603, 610 (Bankr. E.D. Mich. 2006) (debtor may utilize trustee's avoidance powers); *In re Bonner*, 206 B.R. 387 (Bankr. E.D. Va. 1997) (either the chapter 13 trustee or the debtor may exercise avoidance powers). *See also In re Johnson*, 26 B.R. 381 (Bankr. D. Colo. 1982); *In re Walls*, 17 B.R. 701 (Bankr. S.D. W. Va. 1982).

[20] *See, e.g.,* COLLIER ON BANKRUPTCY ¶548.02[1][a];. NORTON BANKRUPTCY LAW AND PRACTICE § 144:4 ; ROBERT E. GINSBERG, ROBERT D. MARTIN, ET. AL., GINSBERG & MARTIN ON BANKRUPTCY § 15.03[D] (2013); 9 AM. JUR. 2d *Bankruptcy* § 565.

[21] *Id.*

[22] *See* 9 AM. JUR. 2d *Bankruptcy* § 565.

The other arguments advanced by Creditors are also unavailing.  Specifically, they argue that the Debtor's failure to assert the chapter 13 trustee's avoidance claim in prior litigation between the Debtor and West precludes the Chapter 13 Trustee from now pursuing the claim. To the contrary, the Chapter 13 Trustee was not a party to that litigation, and the Debtor would have had no standing to assert such claims in her own name in such litigation.

Creditors also argue that the failure of the Debtor to list the potential fraudulent conveyance action against West in the schedules filed in this case somehow precludes the Chapter 13 Trustee from bringing such an action.  As to this argument -- first, the schedules do not call for any such listing by a debtor.  Once a case is filed, it is up to a trustee to analyze a debtor's past financial transactions to determine whether such claims exist.  In any event, the debtor's failure to list such transfers would not provide a defense to the transferee in avoidance litigation.  Otherwise, a debtor would be free to transfer all of the debtor's assets to third parties including to non-debtor spouses and other relatives prior to bankruptcy, fail to list those potential avoidable transfers, and thereby preclude an action by a trustee to set aside the transfers. This is simply not the law.

Creditors further argue that the fact that the Debtor is advancing funds to cover the retainer for the Chapter 13 Trustee's counsel to bring the action somehow precludes the Chapter 13 Trustee from utilizing the services provided by counsel. Compensation of counsel has nothing to do with a trustee's right to bring avoidance actions. This is something that is dealt with separately in the process of the court's approval of retention and ultimate payment of any fees. Second, this argument overlooks the fact that a chapter 13 trustee must necessarily look to the debtor for funds to pay creditors and attorney's fees incurred in the administration of the case. Of course, to the extent that any damages are collected in connection with an avoidance action,

those funds would also be available to pay administrative expenses.  And none of this provides

any defense by a transferee in an avoidance action brought by a chapter 13 trustee.

*Conclusion*

The Court has found significant primary and secondary support for its holding that

chapter 13 trustees have a right to pursue avoidance actions. In contrast, the Court has not

located any support for the proposition that a chapter 13 trustee lacks standing to pursue such

claims.  Accordingly, the Court will overrule the Creditors' Objection.

A separate final order approving the Application will be entered consistent with this

Memorandum Opinion, and the adversary proceeding against West that was abated pending

resolution of the Application (8:13-ap-00025) will be scheduled for pre-trial conference.

**DATED** in Chambers at Tampa, Florida, on _____ March 07, 2013 _____.

_____
Michael G. Williamson
United States Bankruptcy Judge

**Pierce J. Guard, Jr., Esq.**
*Special Counsel for Trustee*

**Robin S. Trupp, Esq. and Leon Friedberg, Esq.**
*Counsel for Creditors Melissa West and The Tradesmen Group, Inc.*

Copies to be provided by CM/ECF service.